UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BANNER D. WRIGHT, SR.** | * | **CIVIL ACTION NO.  09-0800** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED** for further proceedings consistent herewith.

## Background & Procedural History

Banner D. Wright, Sr., protectively filed the instant application for Title II Disability Insurance Benefits on March 2, 2006.  (Tr. 81).  He alleged disability since December 1, 2000, because of Meniere's disease, neck and back problems, stroke, degenerative disc disease, and three bad discs in the lower back.  (Tr. 65).  The claim was denied at the initial stage of the administrative process.  (Tr. 33-38).  Thereafter, Wright requested and received an April 24, 2007, hearing before an Administrative Law Judge ("ALJ").  (Tr. 385-413).  However, in a July 27, 2007, written decision, the ALJ determined that Wright was not disabled under the Act, finding at Step Four of the sequential evaluation process that he was able to return to his past

relevant work as a cashier/checker and a security guard. (Tr. 17-26). Wright appealed the adverse decision to the Appeals Council. On March 20, 2009, however, the Appeals Council denied Wright's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).

On May 15, 2009, Wright sought review before this court. He alleges the following errors:

(1) the Appeals Council erred when it failed to specifically address the additional evidence and arguments submitted in conjunction with his request for review; and

(2) the Appeals Council committed reversible error by failing to mention that the Veterans Administration ("VA") had assigned plaintiff a 100 percent disability rating.

**Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court

may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

3

  (4)  If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

  (5)  If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

  Wright remained insured for Title II disability benefits only through September 30, 2004. (Tr. 20, 22). Thus, disability must be established on or before that date. *Id.*[1]

**I.**  **Steps One, Two, and Three**

  The ALJ determined at Step One of the sequential evaluation process that Wright did not engage in substantial gainful activity during the relevant period. (Tr. 22). At Step Two, he found that Wright suffers severe impairments of status post cervical fusion, degenerative disc disease of the lumbar spine, and Meniere's disease. (Tr. 22). He concluded, however, that the impairments

---

[1] Furthermore, two prior applications were denied on April 22, 2003, and July 13, 1995. (Tr. 73-74). There is no indication that they were further appealed.

were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. (Tr. 23).

## II.  Residual Functional Capacity

The ALJ determined that, during the relevant period, Wright retained the residual functional capacity for light work, reduced by the ability to only occasionally climb (but not ladders, ropes, or scaffolds), balance, stoop, kneel, crouch, and crawl, with the need to avoid hazards around unprotected heights and dangerous machinery. (Tr. 24).[2]

Plaintiff contends that the Appeals Council erred when it failed to address additional evidence first submitted by plaintiff to the review board. The evidence consists of a December 12, 2000, Department of Veterans Affairs Decision ("VA Decision") that found Wright 100 percent disabled because of his Meniere's syndrome. *See* Tr. 371-384. Specifically, the VA Decision credited evidence that Wright experienced bouts of vertigo that occurred more than once per week. *Id*.

The foregoing evidence constitutes part of the instant record – provided that it is new, material and related to the period before the ALJ's decision. *See Higginbotham v. Barnhart* 405

---

[2] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

F.3d 332 (5th Cir. 2005); 20 C.F.R. § 404.970(b).[3]  For evidence to be material, there must exist the "reasonable possibility that it would have changed the outcome of the [Commissioner's] determination." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

There is little question that the additional evidence in this case meets the applicable criteria. A VA rating of disabled is normally entitled to "great weight." *Latham, supra* (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)).[4]  In this case, the VA Decision found that Wright's bouts of vertigo occurred on a frequency of more than once per week. (Tr. 373). The instant ALJ, however, failed to discern sufficient evidence to support the frequency of Wright's alleged vertigo attacks during the relevant period;[5] thus, the additional evidence might well have swayed his decision. *See Latham, supra*. Moreover, the VA Decision is not cumulative because no report in the record supported a finding of disability during the relevant period. *See Latham, supra*. Finally, the VA Decision, issued in December 2000, arguably relates to the relevant time period at issue, i.e. prior to the expiration of Wright's insured status. *See Latham, supra*.

In sum, the new evidence submitted by plaintiff to the Appeals Council is properly before

---

[3] *Higginbotham* cited *Perez v. Chater*, and *Wilkins v. Sec'y Dept. of Health Human Servs.* as support for its finding that post-ALJ evidence is to be considered part of the record. *See, Higginbotham*, 405 F.3d at fn. 3 (*citing inter alia, Perez v. Chater*, 77 F.3d 41, 44–45 (2d Cir.1996) and *Wilkins v. Sec'y, Dept. of Health Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)). Both *Perez* and *Wilkins* require that the subsequent evidence be new, material and relevant to the pre-ALJ decisional period. *Perez, supra*; *Wilkins, supra* (citing, 20 C.F.R. § 404.970(b)).

[4] "Great weight" need not be accorded to a VA disability determination *provided* the Commissioner adequately explains his reasons for not doing so. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). Here, however, the administrative record contains no such explanation.

[5] *See e.g.*, Tr. 24.

6

the court, and it serves to undermine the ALJ's residual functional capacity assessment.[6] Even without consideration of the new evidence, however, the record does not contain substantial evidence to support the ALJ's residual functional capacity assessment. Neither the claimant nor any physician has indicated that Wright was capable of performing light work, as limited by the ALJ, during the relevant period. Instead, the ALJ appears to have autonomously derived plaintiff's residual functional capacity. *See* Tr. 24. However, in the absence of any valid medical assessment or other corroborating evidence to support the ALJ's residual functional capacity determination, the court is constrained to find that the ALJ's assessment is not supported by substantial evidence. *See Williams v. Astrue*, 2009 WL 4716027 (5th Cir. Dec. 10, 2009) (unpubl.) ("an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions"); *Ripley v. Chater,* 67 F.3d 552, 557 -558 (5th Cir. 1995) (substantial evidence lacking where: no medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004) (unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).

### III. Step Four and Remand

Because the foundation for the Commissioner's Step Four determination was premised upon a residual functional capacity that is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled during the relevant period is likewise not supported by substantial evidence.

Plaintiff urges the court to enter a judgment awarding benefits for the relevant period.

---

[6] It is also potentially relevant to the ALJ's Step Three determination.

The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g).  When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits.  *See Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits).  The instant record is not so disposed.  Plaintiff's residual functional capacity assessment remains indeterminate.[7]

For the foregoing reasons,

**IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[7] Upon remand, for example, the ALJ may find good reasons to distinguish the VA Disability Rating, and may consult a medical expert to assess the effects of plaintiff's impairments during the relevant period.

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of July 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE